UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA,

      Plaintiff,

  v.

BERNZOMATIC, et al.,

      Defendants.

NO. CIV. 2:10-cv-1224 FCD GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on defendants Bernzomatic, Irwin Industrial Tool Company, and W. W. Grainger, Inc.'s (collectively, "defendants") motion for reconsideration of the court's December 7, 2010, memorandum and order ("order") denying defendants' motion for summary judgment. Specifically, defendants argue undisclosed additional facts support the court's reconsideration of its denial of defendants' motion because plaintiff the Regents of the University of California ("plaintiff") is precluded from bringing suit. Plaintiff opposes

this motion.  For the reasons set forth below,[1] defendants' motion is DENIED.

## BACKGROUND

This case arises out of injuries suffered by Scott Callaway and James Bartlett (collectively, "the employees") on September 2, 2008, during the course and scope of their employment with plaintiff. (Mem. and Order ["Order"], [Docket # 43], at 2.) While using a Berzomatic MAPP gas canister and Lenox torch tip assembly, the employees suffered burn injuries. (Id.) Plaintiff has paid workers' compensation benefits to and on behalf of the employees. (Id.)

On August 5, 2009, the employees filed a personal injury lawsuit against defendants in state court. (Id. at 3.) Subsequently, the attorneys for the employees and defendants signed a stipulated dismissal with prejudice of the lawsuit. (Id.)

On April 5, 2010, plaintiff filed a complaint against defendants in the Superior Court of California, County of Yolo. (Id.) On May 19, 2010, defendants removed the case to this court on the basis of federal diversity jurisdiction. (Id.)

On August 13, 2010, defendants filed a motion for summary judgment arguing, inter alia, that plaintiff was precluded from bringing suit under equitable subrogation principles because the employees dismissed their claims with prejudice. (Docket #15.) The court held that the employees' voluntary dismissal with

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g).

prejudice of their claims against defendants did not bar plaintiff's lawsuit against defendants because the dismissal served as a release of claims. (Order at 9.) The court noted that although the Labor Code models common law subrogation principles, these principles "must be applied to further the legislative purposes" of ensuring "that the third party is liable for all the wrong his tortfeasance brought about," including "both the damage to the employee and payments made or required to be made by the employer." (Order at 6-7) (internal quotations and citations omitted). The court further noted that there is "a clear legislative policy militating in favor of reimbursement whenever possible." (Id.) (quoting Abdala v. Aziz, 3 Cal. App. 4th 369, 377 (2d Dist. 1992)). Accordingly, the court concluded that the California Labor Code required that plaintiff be given notice and an opportunity to recover the amount of compensation paid to the employees. (Id. at 9.) Because there was no evidence that either the employees or defendants provided plaintiff notice and because defendants were aware that plaintiff had an interest in the claim, the court held that plaintiff has an independent action against defendant, notwithstanding the employees' release. (Id. at 9-10.) Therefore, court denied defendants' motion to dismiss. (Id. at 12.)

On August 30, 2010, the employees filed a complaint for damages against Worthington Industries, Inc. ("Worthington") in state court. (Exh. A. to Decl. of Michael C. Osborne ("Osborne Decl."), [Docket # 46], filed Dec. 16, 2010.) Defendants in this case were not named in the state suit. (Id.) Subsequently, on October 28 2010, plaintiff in this case intervened in the

3

employees' state suit.  (Id., Exh. B.)  Defendants received notice of plaintiff's intervention in the state suit on October 27, 2010.  (Id.)

Defendants contend that plaintiff's intervention in the employees' state suit is newly discovered evidence and request the court to reconsider its order denying defendants' motion for summary judgment.  (Defs.' Mot. for Recons. ["Defs.' Mot."], [Docket #45], filed Dec. 16, 2010, at 2.)

**STANDARD**

An order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d Ed. 2005)(while authorized, reconsideration of interlocutory orders disfavored).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49. (9th Cir. 2000)

Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.[2] Sch.

---

[2] While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e)(final judgments) and 60(b)(final judgments and orders) technically do not delimit the court's inherent discretion to
(continued...)

4

Dist. No. 1J, Multnomah County, Or. v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2004). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The party moving for reconsideration based on allegations of newly-discovered evidence bears the burden of demonstrating that the evidence: "(1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such material and controlling nature that it demands a probable change in the outcome." United States v. Wetlands Water Dist., 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001) (internal citations omitted).

**ANALYSIS**

Defendants argue that the court should reconsider the December 7, 2010 order denying defendants' motion for summary judgment on the ground that newly-discovered evidence would preclude such a ruling. Specifically, defendants argue that plaintiff has failed to inform the court that it intervened in a state court lawsuit filed by the employees against the cylinder manufacturer, Worthington. (Defs.' Mot. at 2.) Defendants assert that "[p]laintiff now has multiple avenues for double recovery: this action . . . and an entirely separate subrogation action against Worthington in state court." (Id.) Accordingly,

---

[2](...continued)
reconsider interlocutory orders, the court nonetheless finds them to be helpful guides to the exercise its discretion.

defendants argue that "[p]laintiff cannot seek double recovery through an independent claim here . . . because its claim is subrogated to the injured workers' claim." (Id. (citing Breese v. Price, 29 Cal.3d 923, 928-29 (1981) and Cnty. of San Diego v. Sanfax Corp., 19 Cal.3d 862, 874, n.7 (1977)).

As an initial matter, plaintiff's intervention in a related state court action is not "new" evidence. Plaintiff intervened in the employees' state court action on October 28, 2009. (Osborne Decl., Exh. B.) Defendants' received notice of plaintiff's intervention on that same day. (Id.) Defendants' reply brief was filed on November 11, 2010. (Docket # 38.) Defendants' supplemental reply was filed on November 24, 2010. (Docket #39.) The court denied defendants' motion for summary judgment on December 7, 2010. (Order at 12.) As such, plaintiff's intervention in the state court litigation could have reasonably been raised earlier in this litigation, before the court had ruled on defendants' motion for summary judgment.

Further, even if defendants presented "new" evidence, defendants fail to demonstrate that this information demands a probable change in the outcome. While plaintiff may not recover more than that it has paid out to the employees, plaintiff may bring action against several defendants in different sovereigns and seek recovery for a single injury. Indeed, in its opposition, plaintiff clarifies that it does not seek double recovery. (Decl. of Brian A. Forino in Opp'n to Defs.' Mot. for Recons. ["Forino Decl.], [Docket # 50-1], filed Jan. 14, 2011, ¶ 6.) Rather, plaintiff "seeks to be made whole for the workers'

compensation benefits paid out to its injured employees."[3]  (Id.) The court has already recognized plaintiff's independent right to proceed against defendants notwithstanding the employees' settlement with defendants, noting the "clear legislative policy militating in favor reimbursement whenever possible."  (Order at 6-7)(citing Abdala, 3 Cal. App. 4th at 377).

Defendants' reliance on Breese v. Price and Cnty. of San Diego v. Sanfax Corp. is unpersuasive.  In Breese, an employer's workers compensation insurance carrier made payments to the employee after the employee was involved in an automobile accident with the defendant.  29 Cal. 3d at 926.  The employee sued the defendant, the alleged tortfeasor, and the insurance carrier intervened as a plaintiff, seeking reimbursement.  Id. Subsequently, the employee and the defendant settled their litigation.  Id. at 926-27.  The court held that the insurance carrier could not obtain full reimbursement from the defendant, absent proof that the defendant's tort liability was equal to or greater than the amount of the settlement.  Id. at 925-30.  The court also noted that whether a plaintiff could *succeed* on the substantive merits of the claim did not bear on the ability of such plaintiff to *bring* a claim under California Labor Code §§ 3859 et. seq.  Id. at 928-29 ("The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or an employer will in fact recover.").  Here, plaintiff

---

[3] Further, in plaintiff's opposition, plaintiff represents that Worthington, the defendant in the state court action, will likely remove the case to this district and that plaintiff thereafter will move to relate these cases.

does not argue the merits of its damages against defendants, but rather asserts its right to seek reimbursement pursuant to the California workers compensation scheme. (Decl. Forino. ¶ 6.) Because Breese only limits an employer's ultimate recovery not an employer's right to bring action against a defendant, Breese is unpersuasive.

Similarly, the facts before the court in Sanfax are distinguishable from the facts before the court in this case. In Sanfax, the court held that an employer's action was time-barred because an action under California Labor Code section 3852 is a tort action subject to a limitations period running from the date of the employee's injury. 19 Cal. 3d at 871. In support of its conclusion, the court explained that employee and employer third-party actions are interchangeable, in part to avoid the potential for double recovery from a third party tortfeasor. Id. at 872-73. The court further explained that in order to avoid such double recovery, when "the damages which the employee recovers from a third party simply duplicates the benefits which the employee has already received from the employer, the employee's own recovery provides a fund from which the employer may draw." Id. However, the type of double recovery referred to in Sanfax is not possible with respect to defendants in this case. The employees have not recovered from defendants; rather, they voluntarily dismissed their state court suit without notice to plaintiff. (Order at 3.) Because the employees have not recovered from defendants and because plaintiff's damages take the form of the employees' alleged share of damages against defendants, there is no risk of double recovery merely because

8

plaintiff has intervened in a state court suit involving a wholly different defendant.

## CONCLUSION

Based on the foregoing analysis, defendants' motion for reconsideration of the court's December 10, 2010 order denying defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

DATED: February 10, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE